UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAKE J. RUFFINO,     : | |
|    Plaintiff,     : | |
| : | PRISONER |
| v.     : | Case No. 3:12-cv-323 (VLB) |
| : | |
| MICHAEL LAJOIE, et al.,     : | |
|    Defendants.     : | |

### INITIAL REVIEW ORDER

Plaintiff Jake J. Ruffino, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000), against defendants Michael Lajoie, Angel Quiros, Stephen Faucher, Sean Spence, Joseph Dipace and Mark Frayne in their individual capacities only. The plaintiff alleges that the defendants failed to properly supervise him to ensure that he did not harm himself and that the supervisory defendants conspired to destroy evidence of the actions of others.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

      The plaintiff alleges that, on October 22, 2009, he was being held on suicide watch in a cell in the medical unit. Defendant Spence, the medical unit officer was required to physically view the plaintiff in his cell every fifteen minutes and monitor the video cameras between the physical viewings. On this day, the plaintiff asked defendant Spence numerous times to call a mental health staff member. Defendant Spence did not comply and, instead, laughed at the plaintiff. After about three hours, the plaintiff used a small piece of metal to cut his forearm for about two hours. The plaintiff was sitting on his bed in plain view of the camera during this time. Defendant Spence took no action despite viewing the plaintiff at least five times.

      Defendant Dipace checked the plaintiff's cell while the plaintiff was cutting

his arm.  Defendant Dipace took no action to stop the plaintiff and refused the plaintiff's request for medical assistance.  Defendant Frayne also witnessed the incident but took no action.  After the shift changed, the plaintiff received medical treatment.

Five days later, the plaintiff wrote to defendant Faucher and asked that the video footage of the incident be preserved.  Defendant Faucher did not respond to the request and the plaintiff assumes that the footage was not preserved.  Defendants Quiros and Lajoie denied the plaintiff's administrative remedy appeals regarding preservation of the video footage.

The plaintiff contends that defendants Faucher, Quiros and Lajoie conspired to conceal evidence of the wrongdoing of the other defendants.  He specifically brings his conspiracy claims pursuant to 42 U.S.C. §§ 1985 and 1986.

Section 1985 deals with conspiracies.  The plaintiff does not identify which subsection of Section 1985 was violated.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties, and Section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings.  Since the plaintiff is not a federal official, and his claims are not related to the participation of witnesses in judicial proceedings, the first two subsections of 42 U.S.C. § 1985 are not relevant to this action.

Section 1985(3) prohibits conspiracies to deprive persons of the equal protection of the laws.  In order to state a claim under this provision, a plaintiff must allege:  (1) the defendants were part of a conspiracy; (2) the purpose of the

conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  Importantly, the plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).  The plaintiff alleges no facts suggesting any racial or class-based discrimination.  Thus, his conspiracy claims necessarily fail.  In addition, section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985.

The claims against defendants Faucher, Quiros and Lajoie are dismissed pursuant to 28 U.S.C. § 1915A.  The claims against defendants Spence, Dipace and Frayne will proceed at this time.

### ORDERS

The Court enters the following orders:

(1)     All claims against defendants Faucher, Quiros and Lajoie are DISMISSED pursuant to 28 U.S.C. § 1915A.

(2)     The Pro Se Prisoner Litigation Office shall verify the current work

addresses for defendants Spence, Dipace and Frayne with the Department of Correction Office of Legal Affairs. The Pro Se Prisoner Litigation Officer shall mail waiver of service of process request packets to each of these three defendants at the confirmed addresses within fourteen (14) days of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5) Defendants Spence, Dipace and Frayne shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this

order.  Discovery requests need not be filed with the court.

      (7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

      (8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      So ordered this 14th day of March 2012, at Hartford, Connecticut.

                                    /s/
                              Vanessa L. Bryant
                              United States District Judge